BARKETT, Circuit Judge,
dissenting:
I respectfully dissent because I believe that the authority granted under 47 U.S.C. § 252(e)(1) to state commissions to “approve or reject” interconnection agreements “with written findings as to any deficiencies,” includes the authority to interpret and enforce those agreements. I agree with the determinations of the First, Fourth, Fifth, Seventh, Eighth and Tenth Circuits in this regard. See Puerto Rico Tel. Co. v. Telecomm. Regulatory Bd. of Puerto Rico, 189 F.3d 1, 10-13 (1st Cir.1999); Bell Atlantic Maryland v. MCI WorldCom, 240 F.3d 279, 304-05 (4th Cir.2001); Southwestern Bell Tel. Co. v. Public Util. Comm’n, 208 F.3d 475, 479-480 (5th Cir.2000); Illinois Bell Tel. Co. v. Worldcom Techs., Inc., 179 F.3d 566, 571-72 (7th Cir.1999); Iowa Util. Bd. v. F.C.C., 120 F.3d 753, 804 (8th Cir.1997), rev’d on other grounds, AT & T v. Iowa Util. Bd., 522 U.S. 1089, 118 S.Ct. 879, 139 L.Ed.2d 867 (1998); Southwestern Bell Tel. Co. v. Brooks Fiber Optic Comm’n of Oklahoma, Inc., 235 F.3d 493, 497 (10th Cir.2000). Thus, I believe that the Georgia Public Service Commission (“GPSC”) had the authority to accept, reject, interpret and enforce the agreements of the parties and, moreover, that under 47 U.S.C. § 252(e)(6) the GPSC’s interpretations of the agreements were “determinations” subject to federal court review in this case. Accordingly, I believe the panel should have resolved the various merits issues raised by this appeal.